# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

MATTIE A. LOWE,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner,
Social Security Administration,

    Defendant.

Case No. 05-CV-412-FHM

## ORDER

Defendant's Motion to Reverse and Remand [Dkt. 25] is GRANTED.[1]

Defendant asserts that "[r]emand is necessary because the Administrative Law Judge (ALJ) did not evaluate the full period(s) of Plaintiff's alleged disability and did not consider whether Plaintiff's work activity constituted a trial work period. Upon remand, the ALJ will evaluate Plaintiff's alleged disability during the period beginning August 6, 1990, and will consider Plaintiff's work activity pursuant to the trial work provision, 20 C.F.R. § 404.1592." [Dkt. 25, p.3].

Plaintiff agrees that the Commissioner needs to resolve issues concerning a possible trial work period. However, she asks the case be remanded for a finding that she has been disabled for the entire period at issue other than those periods when she was engaging in substantial gainful activity (SGA). She asks that on remand the Commissioner "be instructed to determine what periods involved SGA and what periods should be considered as a trial work period. For all periods of time since August 6, 1990, except for

---

[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

periods that Plaintiff was engaging in SGA and was not in a trial work period, the Commissioner should be instructed to pay Plaintiff her benefits." [Dkt. 26, p. 3]. Plaintiff wishes to avoid "revisit[ing] the entire sequential evaluation on remand and allow[ing] yet another ALJ to create some new rationale for finding [her] complaints are not credible." *Id.*

The Court declines to place any limitations on the Commissioner's consideration of or analysis of the evidence on remand. The Commissioner has asked for remand to consider issues under 42 C.F.R. § 404.1592. Among other things, that section requires the Commissioner to consider work performed during a trial work period to determine whether the disability ended at any time after the trial work period. 42 C.F.R. § 404.1592(a). The limitations Plaintiff requests might hinder the Commissioner's analysis under §404.1592. Additionally, in the first instance it should be the Commissioner who decides the issue of whether Plaintiff was disabled beginning August 6, 1990.

The Court finds that case should be remanded as requested by the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g). In particular, the Commissioner is directed to evaluate Plaintiff's alleged disability during the period beginning August 6, 1990 and to consider Plaintiff's work activity pursuant to the trial work provision, 20 C.F.R. § 404.1592.

SO ORDERED this 24th day of August, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE